**Not For Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

---

No. 06-1876

UNITED STATES,

Appellee,

v.

RAÚL BÁEZ DE JESÚS,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Gímenez, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Lynch, Circuit Judge,
and DiClerico, Jr.,[*] District Judge.

---

Rafael F. Castro Lang for appellant.
Germán A. Rieckehoff, Assistant United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, and Rosa Emilia Rodríguez-Vélez, United States Attorney, for appellee.

---

May 1, 2007

---

[*]Of the District of New Hampshire, sitting by designation.

**DICLERICO**, <u>District Judge</u>.  On Christmas Eve of 2004, Raúl Báez De Jesús was arrested with Christian Sánchez when they were intercepted while navigating a boat carrying cocaine from St. Thomas to Puerto Rico.  Báez and Sánchez were indicted for aiding and abetting each other to distribute 220 kilograms of cocaine and for illegally importing cocaine into the United States.  Báez pled guilty on July 5, 2005.  He appeals from his sentence of 135 months' imprisonment on the ground that the district court erred in denying his request for a downward departure.  For the following reasons, we dismiss the appeal for lack of jurisdiction.

On appeal, Báez argues that the District Court erroneously failed to recognize that the government's conduct in revealing Báez as the source of certain statements against his co-conspirators, who are charged in a separate action, constituted grounds for a downward departure under either U.S.S.G. § 5K2.0 or 18 U.S.C. § 3553.[1]  Importantly, Báez does not challenge the reasonableness of his sentence under <u>United States</u> v. <u>Booker</u>, 543 U.S. 220 (2005).  <u>Cf.</u>, <u>e.g.</u>, <u>United States</u> v. <u>Martínez-Vives</u>, 475

---

[1]Although Báez cites § 3553 in his appellate brief, he makes no developed argument under any provision of that statute, and instead relies on § 5K2.0.  During the sentencing proceeding, however, Báez did not raise § 5K2.0 and instead relied on § 3553. Generally, arguments not raised below are reviewed only for plain error.  <u>United States</u> v. <u>Milkiewicz</u>, 470 F.3d 390, 401 (1st Cir. 2006). Because we conclude that jurisdiction is lacking to review Báez's claim on appeal, the standard of review is not an issue in this case.

F.3d 48, 54 (1st Cir. 2007) ("Martínez challenges his 33-month sentence as unreasonable.").

A sentencing court's denial of a downward departure is discretionary and unreviewable unless the court refuses the request based "on a view that it lacks legal authority to consider a departure or . . . base[d] . . . on an error of law." United States v. Meléndez-Torres, 420 F.3d 45, 50 (1st Cir. 2005). Neither exception occurred in this case.

Báez contends that certain statements made during the sentencing proceeding demonstrate that the sentencing court believed it lacked authority to grant a downward departure based on the government's disclosure to Báez's co-conspirators that he was the source of statements made against them.[2]  Specifically, Báez cites the court's response to defense counsel's question during the following exchange:

> [DEFENSE COUNSEL]:  Your Honor, if they weren't using him as a witness, if they weren't giving him the benefit of cooperation, then we can see no other reason why his statement would be provided to defense counsel [in the co-conspirators' case] other than to lead defense counsel in that case to induce their clients to plead guilty because this defendant would be available to testify against them; when now the government says that it won't be using my client as a witness.
>
> THE COURT:  They don't say it now.  They have always said it from day one.  In my case, in

[2]Defense counsel also argued a variety of other grounds for downward departure that are not at issue on appeal.

this case, they've said that they are not going to use it in the other case.

[DEFENSE COUNSEL]: Then why was a statement, Your Honor, provided in Criminal Case 05-302?

THE COURT: You will have to ask the government. But that's an issue that has nothing to do with sentencing in this case. Anything else?

Sentencing Hr'g Tr. 43-44, Apr. 26, 2006. When defense counsel continued to argue that the government was benefitting from the use of Báez's statement in his co-conspirators' case and that defense counsel had not been told that Báez would not be a witness in that case, the court responded:

I'm sure they have, because [Government Counsel] are not going to come here as officers of the court and state to me that they are not going to be using it. And they have been stating it since day one, since the first time we asked them, and then go around and go over to [the judge in the other case] and defense counsel and tell them we're going to use [Báez] as a witness, because [Government Counsel] would get into a lot of trouble.

Counsel, I told you that was a good faith mistake, that they turned it over. And [Government Counsel] explained it to you and to me a long time ago, that it was a mistake, they are sorry for it, that they should have not done it.

Id. at 47. Government counsel agreed that the government had informed the judge and defense counsel in the other case that Báez would not be a witness in that case and also noted that none of the defendants in the other case had entered guilty pleas.

-4-

Taken in context, the sentencing court's statements show it found that the government's disclosure of Báez's statement did not constitute misconduct which could affect Báez's sentencing. See United States v. Snyder, 235 F.3d 42, 50 n.8 (1st Cir. 2000) ("[G]overnment misconduct may serve as a ground for departure, but only if relevant in some particular way to sentencing."). We conclude from our review of the record in this case that the sentencing court was aware of its authority to depart based on government misconduct, but in the exercise of its discretion, the court declined to do so under the circumstances as it found them to be. Therefore, we lack jurisdiction to review the district court's discretionary decision denying Báez's request for a downward departure. Meléndez-Torres, 420 F.3d at 51.

The appeal is dismissed.